IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALBERT WENDT CONSTRUCTION CO., )<br>AN ILLINOIS CORPORATION, )<br>)<br>Defendant. ) | Case No. FILED: APRIL 17, 2008<br>08CV 2192 NF<br>Judge JUDGE KENDALL<br>MAGISTRATE JUDGE SCHENKIER<br>Magistrate Judge |

## COMPLAINT

Plaintiffs, by their attorneys, Donald D. Schwartz, ARNOLD AND KADJAN, complain against Defendant, ALBERT WENDT CONSTRUCTION CO., an Illinois corporation, as follows:

1.  (a)  Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act, as amended [29 U.S.C. Section 185(a)], as more fully described below.

    (b)  Jurisdiction of this cause is also based upon Section 502 of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Section 1132 (ERISA).

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district where the Funds as described in Paragraph 3 are administered.

3.  (a) The Plaintiffs are the TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 PENSION, WELFARE, APPRENTICESHIP, AND INDUSTRY ADVANCEMENT FUND (the "Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 (the "Union") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Union. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) ALBERT WENDT CONSTRUCTION CO., ("WENDT") an Illinois corporation is an employer engaged in the construction industry, performing bricklaying and masonry work.

(b) WENDT is an employer engaged in an industry affecting commerce.

5. On or before July 7, 1981, Defendant, WENDT entered into a Memorandum of Understanding with the Union, specifically agreeing to the collective bargaining agreement in effect, and absent timely notice of desire to amend, all subsequent collective bargaining agreements.
(See Exhibit A).

6. WENDT is bound by the terms of the Memorandum of Understanding, and by virtue of certain provisions contained in the collective bargaining agreements, Defendant has agreed to be bound by the Trust Agreements establishing the Funds.

7. Under the terms of the agreement to which the Defendant is bound, it is required to make contributions on behalf of certain of their employees and, when given reasonable notice by the Funds or by their representatives, to submit their books and records to an independent public accountant for the purpose of determining whether or not they are in compliance with their obligations to contribute to the Funds.

8. Plaintiffs are advised and believe that since January 1, 2006 to the present, Defendant has failed to make some of the contributions from time to time required to be

paid to the Funds pursuant to the terms of the collective bargaining agreements and trust instruments, all of which they are bound, and all in violation of its contractual and statutory obligation.

WHEREFORE, Plaintiffs pray that:

A.  That Defendant be ordered to submit the books and records of the Defendant Company to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from January 1, 2006 to the present.

B.  That Judgment be entered for Plaintiffs and against Defendant, in the amount found due by the audit conducted by Plaintiffs.

C.  That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D.  That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E.  That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

  F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

              **TRUSTEES OF BRICKLAYERS AND**
              **ALLIED CRAFTSMEN LOCAL 56**
              **FRINGE BENEFIT FUND,**

              BY: __s/ Donald D. Schwartz_____
                  One of Plaintiffs Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312)236-0415

# MEMORANDUM OF UNDERSTANDING
## (1981-1983)

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor __ALBERT WENDT CONSTRUCTION CO.__

Address __21W180 Hill Avenue, Glen Ellyn, IL 60137__

Telephone __(312) 858-1777__

herein called the "Employer," and ILLINOIS DISTRICT COUNCIL NO. 1 of the INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, herein called the "District Council," as follows:

1. The Employer hereby recognizes the District Council as the sole and exclusive collective bargaining agent for all Bricklayers, Stone Masons and Apprentices employed by the Employer for the purpose of establishing rates of pay, wages, fringe benefit contributions, hours of employment and other terms and conditions of employment for such employees.

2. The Employer agrees to be bound by the terms and conditions set forth in the collective bargaining agreement covering the period June 1, 1981 through May 31, 1983, entered into between the District Council, consisting of Bricklayers Local Unions Nos. 14, 16, 20, 21, 27, 56, and 74, and Mason Contractors Association of Greater Chicago, Builders Association of Chicago, Underground Contractors Association, Fox Valley General Contractors Association, Mason Contractors Association of Fox Valley, Lake County Contractors Development Association, Lake County Mason Contractors Association, Contractors Association of Will and Grundy Counties, DuPage County Mason Contractors Association, and South DuPage County Mason Contractors Association, and this Memorandum of Understanding shall terminate upon the expiration of the said Association collective bargaining agreement.

3. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the collective bargaining agreement and agrees to and is hereby bound by and considered to be a party to the Agreements and Declarations of Trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the Employer Trustees, who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trust, and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

4. Notwithstanding any provision of this Agreement or any provision of any other prior Agreement to the contrary, the District Council shall have the right in its sole discretion to direct that contributions to either the International Masonry Institute Promotion Trust, the Illinois Masonry Institute Promotion Trust, Fox Valley Construction Industry Advancement Program, Lake County Brick and Stone Masons Promotional Trust, Masonry Advancement Council of DuPage County, or the Masonry Industry Advancement Fund, or to all or any of such Funds, shall terminate and upon the receipt of written notice from the District Council to that effect, the amount of such fringe benefit contributions shall cease to be due to the applicable Fund and shall be added to the hourly wage scale otherwise payable hereunder to Bricklayers, Stone Masons and apprentices employed by the Employer, provided, however, that inasmuch as the total amount of wages and fringe benefit contributions which the Employer is obligated to pay shall remain unchanged, any such reallocation of contributions to wages shall not be deemed to result in a more favorable wage or economic fringe benefit rate for purposes of the "Most Favored Nation" provision of the Association collective bargaining agreement.

5. Any Agreement or Memorandum of Understanding previously executed by the parties is hereby superseded by this Memorandum of Understanding.

DATED this __7th__ day of __July__, 19__81__

Employer: ALBERT WENDT CONSTRUCTION CO.

By: _____
Albert W. Wendt, President

ILLINOIS DISTRICT COUNCIL NO. 1
of the INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFTSMEN

By: _____

EXHIBIT A